UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **PATRICIA KENNEDY** : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | 3:12-CV-01491 (VLB) |
| v. : | |
| : | |
| **JASON PAUL,** : | |
| : | |
| Defendant, : | |
| : | |
| **HARTFORD GUN CLUB, INC** : | |
| : | |
| Defendant/ : | |
| Apportionment Plaintiff/ : | |
| Cross-Claimant : | September 30, 2013 |
| : | |
| v. : | |
| : | |
| **CONNECTICUT SPORT SHOOTERS,** : | |
| **MICHAEL CRITSER and MICHAEL BUREK** : | |
| **(individually and d/b/a CONNECTICUT** : | |
| **SPORT SHOOTERS), CHAD BARBER,** : | |
| **EVERETT NAIR and BARTON NANNEY,** : | |
| : | |
| Third Party Cross-Claimants/ : | |
| Defendants/ : | |
| Apportionment Defendants : | |

### MEMORANDUM OF DECISION GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 55]

### INTRODUCTION

As directed by this Court in an Order entered February 22, 2013, Dkt. 54, Plaintiff Patricia Kennedy has moved to remand this action to the Connecticut Superior Court, for the Judicial District of Stamford/Norwalk on the basis of lack of subject matter jurisdiction. For the reasons described below, the motion to

1

remand is granted. The claims against the federal defendants will be dismissed, as will all cross and counter-claims filed in this Court, and the remaining claims will be remanded to state court.

**I. Statement of Relevant Facts**

On October 24, 2010, Plaintiff Patricia Kennedy was participating in a shooting competition held at outdoor shooting ranges owned by Defendant Hartford Gun Club, Inc. ("HGC"). [Compl. ¶ 4.][1] The competition was sponsored by the Connecticut Sport Shooters, as a benefit for the U.S. Coast Guard Academy Combat Arms Team. [Compl. ¶ 4.] Plaintiff was allegedly struck in the head by a bullet fired by Defendant Jason D. Paul during the competition. [Compl. ¶¶ 9-10.] Plaintiff survived the injury, but has allegedly been left with severe and very costly ongoing physical and emotional injuries and disabilities. [Compl. ¶ 11-15.] HGC alleges that Connecticut Sports Shooters, as well as Michael Critser and Michael Burek (collectively, the "CSS Defendants"), organized and operated the shooting competition that day, and were responsible for the setup of the range and the safety of the competition. [Apport. Compl. ¶¶ 17-21, 30.][2] HGC alleges that Chad Barber, Everett Nair, and Barton Nanney (collectively, the "Coast Guard Defendants"), among other things, induced the Plaintiff to participate in the competition, and were also responsible for the operation and oversight of the competition, and together with the CSS

---

[1] Citations to the "Compl." refer to the original Complaint filed on March 14, 2012 by Patricia Kennedy in Connecticut Superior Court, a copy of which is attached to the Notice of Removal, Dkt. 1.
[2] Citations to the "Apport. Compl." refer to the Apportionment Complaint filed by HGC in Connecticut Superior Court on October 7, 2012, a copy of which is attached to the Notice of Removal, Dkt. 1.

2

Defendants were responsible for the set-up of the competition.  [Apport. Compl. ¶¶17-21, 33-46.]

**II.  Relevant Procedural History**

This litigation was commenced when Plaintiff Patricia Kennedy brought suit in the Connecticut Superior Court for the Judicial District of Stamford/Norwalk against HGC and Jason D. Paul.  [Dkt. 55 at 1.]  Defendant HGC then filed an apportionment complaint in Connecticut Superior Court against the CSS Defendants and the Coast Guard Defendants.  [Dkt. 55 at 2.]  The action was removed to this Court by the Coast Guard Defendants on October 18, 2012.  At the time of removal, there was a pending motion on the state court docket in which HGC sought permission to serve a third-party complaint on the CSS Defendants and the Coast Guard Defendants.  [Dkt. 3 at 1.]  That motion was docketed with this Court, [Dkt. 8], and then denied without prejudice to refiling in conformity with the Federal Rules of Civil Procedure.  [Dkt. 31.]  HGC then filed a motion for leave to file cross-claims against the CSS Defendants and the Coast Guard Defendants, [Dkt. 36], which motion was then granted by this Court, [Dkt. 40.].  On February 22, 2013, the Court ordered briefing on the question of remand to state court for lack of subject matter jurisdiction.  [Dkt. 54.]  Plaintiff Kennedy filed a motion to remand to state court on February 27, 2013, and HGC filed an opposition on March 30, 2013.

**III.  LEGAL ANALYSIS**

**A. Standard of Review**

3

A district court must remand a case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "The party asserting federal jurisdiction bears the burden of showing that the case is properly before the federal court." *Second Injury Fund v. Nat'l Union Fire Ins. Co.*, No. 3:10-cv-00086, 2010 U.S. Dist. LEXIS 67704, at *3 (D. Conn. July 8, 2010) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

B. Discussion

Under the doctrine of derivative jurisdiction, the federal court's jurisdiction over a case that has been removed is derived from the jurisdiction of the state court from which the action has been removed. *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922) (abrogated in part by 28 U.S.C. § 1441(f)). "If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co.*, 258 U.S. at 382. "[A] district court must dismiss a complaint if the state court from which the case was removed lacked jurisdiction." *Nordlicht v. New York Tel. Co.*, 799 F.2d 859, 863 n.1 (2d Cir. 1986), *cert. denied*, 479 U.S. 1055 (1987), *abrogated in part on other grounds by Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987), *as recognized in Marcus, et al. v. AT&T Corp., et al.*, 138 F.3d 46, 55 (2d Cir. 1998). "This result obtains even if the reason the state court lacked jurisdiction is that the complaint lies within the exclusive jurisdiction of the federal courts." *Nordlicht*, 799 F.2d at 863 (citations omitted).

**Congress has explicitly eliminated derivative jurisdiction for cases that are removed under 28 U.S.C. § 1441.  28 U.S.C. §1441(f) ("The court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.") (emphasis added).  Because the text of section 1441(f) explicitly states that it applies to cases removed "under this section", courts in this Circuit and others have held that derivative jurisdiction continues to apply to cases removed under other removal statutes.  *See, e.g., Barnaby v. Quintos*, 410 F. Supp. 2d 142, 144 (S.D.N.Y. 2005) ("In amending the statute in 2002, and replacing less precise language with much more specific language, Congress left no doubt that Section 1441(f) applies only to removals under Section 1441 and not to removals under any other section of the United States Code."); *Cf. Thornton v. Maryland Gen. Hosp.*, No. WMN-13-162, 2013 U.S. Dist. LEXIS 65365, at \*8-9 (D. Md. May 8, 2013)(finding that section 1441(f) applies only to cases removed under section 1441 and that as a result derivative jurisdiction still applied to cases removed under 42 U.S.C. § 233); *Zanghi v. Sisters of Charity Hosp. of Buffalo*, No. 12-cv-75-65S, 2013 U.S. Dist. LEXIS 26044, at \*7-8 (W.D.N.Y. Feb. 26, 2013) (finding that although "Congress has specifically abrogated the doctrine with respect to removals under the general removal statute, 28 U.S.C. § 1441, it has not done so with respect to removals under and 28 U.S.C. § 1442(a)(1) and 42 U.S.C. §233(c).").[3]**

---

[3] **There are courts in other circuits that have sharply curtailed derivative**

In the Notice of Removal, Dkt. 1, the United States asserts that it is removing the case under 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2). Section 1442(a)(1) provides that actions filed in state court against the United States "or any officer . . . of the United States or of any agency thereof" "may be removed by them to the district court of the United States . . ." 28 U.S.C. § 1441(a)(1).[4] Section 2679(d)(2), a subsection of the Federal Tort Claims Act, requires that once the Attorney General has certified that a defendant "was acting

---

jurisdiction, or even eliminated it entirely. *See, e.g.*, *Nye v. Hilo Med Ctr.*, 2010 U.S. Dist. LEXIS 22482, at *13-14 (D. Haw. Mar. 11, 2010) (finding that derivative jurisdiction cannot be applied to claims removed under section 233, because that would prevent such claims from ever being removed); *North Dakota v. Fredericks*, 940 F.2d 333, 336-38 (8th Cir. 1991) (concluding that then-section 1441(e), which is now codified at section 1441(f), should be read as eliminating derivative jurisdiction in all cases, while acknowledging that "the words of the statute clearly do not reach this far"); *Glorvigen v. Cirrus Design Corp.*, No. 06-2661, 2006 U.S. Dist. LEXIS 91731, at *12-13 (D. Minn. Oct. 24, 2006) (finding that *Fredericks* remains controlling in the Eighth Circuit, even after the 2002 amendment to section 1441(f)).

[4] The Court notes that a review of the state court docket reveals that it is possible that removal under section 1442(a)(1) was untimely. Section 1446(g) requires that removal must be done within 30 days of being served with notice of the proceeding. 28 U.S.C. § 1446(g). According to the state court docket, the return of service for the apportionment complaint was August 22, 2012 for at least two defendants, and the Notice of Removal was not filed until October 18, 2012. *Kennedy v. Hartford Gun Club, Inc., et al.*, No. FST-CV12-6013296-S (Conn. Super. Ct.). However, Plaintiff Kennedy has not raised a timeliness challenge to removal under 1442(a)(1), and thus the Court lacks sufficient information to consider the issue. Additionally, objections to the timing of removal are waived unless they are brought within thirty days of removal; Plaintiff failed to object to the removal under section 1442(a)(1) within that thirty day period, and thus any such objection to removal under section 1442(a)(1) has been waived. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."); *Orange Cnty. Water Dist. v. Unocal Corp.*, 584 F.3d 43, 50 n.13 (2d Cir. 2009) (noting that "[s]ome nonsubstantive defects regarding removal can be waived, . . . [including] mistakes in the timing . . . of the removal.") (citations omitted). The Court therefore will accept the United States's assertion that the action was removed under both section 1442(a)(1) and section 2679(d)(2).

within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . to the district court of the United States . . . ."  28 U.S.C. § 2679(d)(2).  Section 1346(b) gives federal district courts exclusive jurisdiction over claims brought under the FTCA.  28 U.S.C § 1346(b)(1) ("the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . .").

      The Superior Court did not have jurisdiction to hear HGC's apportionment complaint against the Coast Guard Defendants because section 1346(b)(1) gives exclusive jurisdiction over those claims to the federal district court.  The state court had no jurisdiction over the claims against the Coast Guard Defendants at the time of removal, and thus this Court acquired no jurisdiction over those claims when they were removed to this Court.  *Cf. Gionfriddo v. Salaf*, 343 F. Supp. 2d 109, 111 (D. Conn. 2004) (finding that the state court lacked jurisdiction over an apportionment claim against a federal defendant, and that the "lack of jurisdiction was not altered by removal").  As a result, this Court must dismiss HGC's apportionment complaint against the Coast Guard Defendants.  *See Gionfriddo*, 343 F. Supp. 2d at 112 (dismissing apportionment complaint and remanding the action to the Connecticut Superior Court); *A.Q.C. v. Bronx-Lebanon Hosp. Ctr.*, No. 11 Civ. 2656, 2012 U.S. Dist. LEXIS 6773, at *17 (S.D.N.Y.

Jan. 20, 2012) (dismissing third-party complaint against federal defendant and remanding the remaining state law claims to state court).

**(1) Federal Court Cross-Claims Do Not Cure Jurisdictional Defect**

HGC argues that the cross-claims filed by HGC in this Court, Dkt. 58, cure any jurisdictional defect that might have existed at the time the case was removed. [Dkt. 59 at 7.][5] HGC also argues that "Courts have gone to lengths to cure defects in subject matter jurisdiction despite various procedural bars." [Dkt. 59 at 6.] Even if HGC is correct that their cross-claims filed in this Court would fall under this Court's subject matter jurisdiction if filed originally in this Court, an issue the Court does not consider here, HGC cites to no authority, and the Court knows of no authority, by which the cross-claims filed by HGC in this Court could cure the underlying jurisdictional defect arising from fact that the state court lacked jurisdiction over the claims filed against the federal defendants at the time the case was removed. Without supporting authority, HGC has failed to bear its burden of establishing that cross-claims are curative of a lack of derivative jurisdiction. In other words, if the state court lacked jurisdiction over the claims filed against the federal defendants at the time the case was removed, the federal court lacks derivative jurisdiction over that case, unless the case was removed under 28 U.S.C. § 1441. Because this Court lacked jurisdiction over the case *ab initio*, those cross-claims must be dismissed.

**(2) Defect in Removal or Defect in Subject Matter Jurisdiction**

---

[5] HGC's Opposition, Dkt. 59, is not page-numbered, thus page citations to the Opposition refer to the pagination assigned in the ECF heading.

Relying on precedent from the Seventh Circuit, *Rodas v. Seidlin*, 656 F.3d 610 (3d Cir. 2011),[6] HGC argues that derivative jurisdiction is merely a defect in the removal, and not a defect in the subject-matter jurisdiction of the court. [Dkt. 59 at 8-15.] HGC further argues that if derivative jurisdiction is merely a procedural defect in removal, any objection to removal based on derivative jurisdiction is waived if not raised within the thirty-day period set by section 1447(c). [Dkt. 59 at 14-15.] *Rodas* is not binding on this Court, and HGC's argument ignores the fact that the Second Circuit has explicitly referred to derivative jurisdiction as "[going] to the subject matter jurisdiction of the District Court." *Nordlicht*, 799 F.2d at 863 n.1. Further, the Supreme Court clearly speaks of derivative jurisdiction as a bar to jurisdiction upon removal, rather than simply as a barrier to removal. *See, e.g.*, *Minnesota v. United States*, 305 U.S. 382, 389 (1939) ("Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction.") (abrogated in part by 28 U.S.C. § 1441(f)). The Court thus declines to adopt this reasoning.

**(3) *Thompson* and Certification**

HGC further asserts that the doctrine of derivative jurisdiction does not strip this Court of subject matter jurisdiction because the state court in fact had jurisdiction over the action as the Attorney General had not yet certified that the Coast Guard Defendants were federal officers. [Dkt. 59 at 15-16.] Defendant

---

[6] In *Rodas*, the Third Circuit recognized the continued application of derivative jurisdiction to removal under section 1442(a)(1), 656 F.3d at 618-19, but held that the doctrine of derivative jurisdiction should be subject to certain "limiting principles."

9

relies upon a footnote in an opinion from a Third Circuit opinion to argue that the state court had jurisdiction over the Coast Guard Defendants until the Attorney General certified that they were acting as federal officers.  *See Thompson v. Wheeler*, 898 F.2d 406, 409 n.3 (3d Cir. 1990) ("[U]nder section 2679(d), federal jurisdiction lies only after the Attorney General certifies that the federal driver was acting within the scope of his employment. The possibility that such certification might issue does not automatically divest a state court of subject matter jurisdiction.").

The Court rejects HGC's reliance on *Thompson* for several reasons.  First, there is the simple reason that dicta embedded in a footnote in *Thompson* is not binding on this Court.  Although district courts in this circuit have taken conflicting positions on the validity of *Thompson*'s findings, it does not appear that the reasoning in *Thompson* is yet the rule in this circuit.  *Compare Barnaby*, 410 F. Supp. 2d at 146 (criticizing the reasoning in *Thompson*), *with Zanghi*, 2013 U.S. Dist. LEXIS 26044, at *8 (applying *Thompson*'s reasoning to removal under 42 U.S.C. § 233(c)).

Second, jurisdiction is usually determined at the time the case is filed and subsequent events cannot destroy it.  *Cf. In re Fosamax Prods. Liab. Litig.*, No. 06 MD 1789, 2013 U.S. Dist. LEXIS 24717, at *100 (S.D.N.Y. Feb. 14, 2013) (noting the "fundamental principle that subject-matter jurisdiction is determined at the time the removal petition was filed.") (citations omitted).

Third, HGC must have known that it was possible that the Coast Guard Defendants were federal officers at the time it filed its apportionment complaint in

the state court. As noted above, the shooting competition at which Plaintiff Kennedy was injured was a benefit for the U.S. Coast Guard Academy Combat Arms Team. Further, the Civil Summons attached to the Apportionment Complaint, both of which are attached to the Notice of Removal, Dkt. 1, provides a U.S. Coast Guard address for each of the Coast Guard Defendants.

Fourth, as Congress demonstrated with its 2002 amendment to section 1441, Congress knows how to explicitly eliminate derivative jurisdiction in removal statutes. As Congress has not explicitly eliminated the application of derivative jurisdiction to cases removed under section 2679(d)(2), and has explicitly limited the application of section 1441(f) to cases removed under section 1441, there is no ambiguity in the statute, its meaning is clear and this Court must, consistent with the clear meaning of the statute, apply derivative jurisdiction to actions removed under section 2679(d)(2). While courts may reject a plain reading of a statute which leads to an absurd result, *Salute v. Stratford Greens Garden Apartments,* 136 F.3d 293, 297 (2d. Cir. 1998) (quoting *Helvering v. Hammel*, 311 U.S. 504, 510-11 (1941)), a plain reading of the statute at issue does not thwart the purpose of the statute or create an absurd result. It merely has the potential to prolong the litigation. The application of derivative jurisdiction does not deprive the parties of recourse in the federal courts. This two-step process has an added efficiency in that it allows the facts to be developed and affords the Coast Guard an ability to assess its potential liability more efficiently.

Fifth, even if this Court were to accept the reasoning in *Thompson,* the instant case is distinguishable because this case was removed under both

11

section 1442(a)(1) and section 2679(d)(2).  *Cf. A.Q.C.*, 2012 U.S. Dist. LEXIS 6773, at *11 (distinguishing *Thompson* because the *A.Q.C.* action was removed under both section 1442(a)(1) and section 2679(d)(2)).  "Although largely overlapping, the distinction between the two provisions is important, as 'Sections 1442(a)(1) and 2679(d) are two separate and alternative statutes, both of which authorize removal of cases to federal court.'"  *A.Q.C.*, 2012 U.S. Dist. LEXIS 6773, at *11.  Although the Second Circuit has not ruled on the issue, district courts in this circuit have agreed that derivative jurisdiction still applies to claims removed under section 1442.  *See A.Q.C.*, 2012 U.S. Dist. LEXIS 6773, at *12 (collecting cases).  Just as the *A.Q.C.* court found that removal under section 1442(a)(1) required the application of derivative jurisdiction, so too does this court.

Sixth, and finally, in this case certification clearly occurred before the action was removed to federal court.  The executed certification was filed with the Notice of Removal, Dkt. 1, meaning that it must have been executed at least a moment before the Notice of Removal was filed with this Court.  In that moment the state court lost jurisdiction, and therefore did not have jurisdiction at the time of removal.

Because Congress does not permit HGC to pursue their claims against officers of the United States in state court, and this case was removed pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2) rather than 28 U.S.C. § 1441, this Court has no jurisdiction over the claims against the Coast Guard Defendants, and thus the Court does not reach the question of the validity of those apportionment claims at this time.

12

**Finally, because the Court lacked jurisdiction over this case *ab initio*, it could not properly grant HGC's motion to file cross-claims against the CSS Defendants and the Coast Guard Defendants. [Dkt. 40.] Therefore HGC's cross-claims against the CSS Defendants and the Coast Guard Defendants are dismissed without prejudice to refiling in the proper forum. Additionally, any other cross-claims or counter-claims asserted by any other party in this Court are dismissed without prejudice. Although the Court dismisses without prejudice HGC's apportionment claims against the Coast Guard Defendants and all cross- and counterclaims asserted in this Court, HGC is not precluded from maintaining its separate pending FTCA action against the Coast Guard Defendants; nor is HGC or any other Defendant barred by this decision from asserting in the proper forum these or other future claims arising from the facts of this case against other parties.**

## CONCLUSION

**For the reasons stated above, the apportionment claims against the Coast Guard Defendants are dismissed without prejudice, any cross or counter-claims filed in this Court are dismissed without prejudice, and the remainder of the case is remanded to the Connecticut Superior Court for the Judicial District of Stamford/Norwalk. The Clerk is directed to close this file.**

**IT IS SO ORDERED**

                                                     /s/
                            Hon. Vanessa L. Bryant
                            United States District Judge

**Dated at Hartford, Connecticut: September 30, 2013**